Special



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. J. Luckett
County Attorney
Comal County
New Braunfels, Texas

Dear Sir:

Opinion No. O-5225
Re: Would an acknowledgment
to a deed of conveyance
concerning real estate
taken under authority of
Article of War 114 by a
U. S. Army official be a
legally sufficient ac-
knowledgment in Texas?

Your letter of April 14, 1943, requesting the opin-
ion of this department on the above stated question reads as
follows:

"At the suggestion of the County Clerk of
this county, I would appreciate your advising me
on the legality of acknowledgments taken by U.S.
Army Officials under Article of War 114, Acts of
June 4, 1920, 41 Stat. 810, 10 U.S.C. 1586, as
amended December 14, 1942, and reading in part
as follows, to-wit:

"'---- any summary court-martial ---- assis-
tant adjutant ---- shall have the general powers
of a notary public in the ---- execution and ac-
knowledgment of legal instruments, attestation
of documents and all other forms of notarial
acts to be executed by persons subject to mili-
tary "law."'

"Vernon's Texas Statutes on the article gov-
erning persons eligible to taking acknowledgments
does not include U. S. Army Officials as notaries
public.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable A. J. Luckett, page 2

"The specific question that I would appreciate your answering is as follows:

"Would an acknowledgment to a deed of conveyance concerning real estate taken under the foregoing be a legally sufficient acknowledgment in the State of Texas?

"I have not been able to find satisfactory Texas authority on the above question and would appreciate your giving me an opinion."

Section 1 of Article 6602, Vernon's Annotated Civil Statutes was amended by House Bill No. 4, Acts of the 48th Legislature, Regular Session, 1943.

House Bill No. 4, supra, provides:

"Section 1. Article 6602, Title 115, Chapter 2 of the Revised Civil Statutes of Texas of 1925, is hereby amended so as to hereafter read as follows:

"'Article 6602.

"'The acknowledgment or proof of an instrument of writing for record may be made within this State before:

"'1. A clerk of the district court.

"'2. A judge or clerk of the county court.

"'3. A notary public.

"'Without the State, but within the United States or their territories before:

"'1. A clerk of some court of record having a seal.

"'2. A commissioner of deeds duly appointed under the laws of the State.

"'3. A notary public.

Honorable A. J. Luckett, page 3

"'Without the United States before:

"'1. A minister, a commissioner or charge d'affaires of the United States, resident and accredited in the country where the proof or acknowledgment is made.

"'2. A consul-general, consul, vice-consul, commercial agent, vice-commercial agent, deputy, consul or consular agent of the United States, resident in the country where proof or acknowledgment is made.

"'3. A notary public.

"'The acknowledgment or proof of an instrument of writing for record may be made by a member of the Armed Forces of the United States or the Auxiliaries thereof without the territorial confines of the United States before the following:

"'1. Any commissioned officer in the Armed Forces of the United States of America, in the Auxiliaries thereto, or any commissioned officer in the Armed Forces Reserve of the United States of America or any Auxiliary thereto.'

"Sec. 2. The fact that many members of our Armed Forces who are without the United States have no way to acknowledge legal documents and instruments for record creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and such Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

This Act became effective March 3, 1943.

Apparently your attention has not been called to the recent amendment of Article 6602. We think the foregoing Act contains the information desired by you.

Yours very truly

APPROVED MAY 3, 1943

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN